Eujtin, J.
 

 The party having assigned errors, is entitled to the writ; but not unconditionally. The statute of 1854, gives the writ in general terms with but one restriction, which is, that it shall be brought within two years after the judgment. Rev. Code, ch. 33, sec. 19. One is struck with some surprise to find, .on reading that section, no provision for securing to the defendant in the writ, thus allowed, his debt or damages recovered by the judgment, in which the error is alleged.— But, upon referring to another part of the statute, Rev. Code, ch. 4, sec. 20, it is seen that the provision is made. As the law stood before, the provision for security was annexed to the grant of the power to the Superior Court, to issue writs of error to inferior courts, Rev. Stat. ch. 4, sec. 17. But, in reenacting that section in the Rev. Code, that provision is omitted, and, instead of its being placed there, it is inserted as a separate section, Rev. Code, ch. 4, sec. 20, in the general terms, .that every person who may bring a writ of error, shall execute bond with good security, payable to the adverse party, to abide by, perform and fulfil the judgment which shall be given thereon. It was put into that form obviously to include the case of writs of error in this Court, then, for the first time, authorised, and the terms are sufficiently broad for that purpose. Those parts of the two chapters are thus to be read together, and consequently, the present applicant must give the requisite bond.
 

 It is only material to inquire whether the judgment has been satisfied in whole or in part, for the purpose of regulating the amount for which the bond is to be given, for the condition of the bond is the same in every case — for the performance of the judgment upon the writ of error, and if satisfaction has already been made of the first judgment, then
 
 *488
 
 the judgment on the writ of error, will accord with the fact. Ho payment of any part of the damages or costs is alleged, in this case; therefore, the Court considers it safe to follow the ordinary rule respecting appeal bonds, and requires the bond to be made in double the amount of the recovery.
 

 Per Curiam, Ordered accordingly.